**WEN BING JIANG, a.k.a. Ya Nu Jiang, Petitioner,**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General \*, Respondent.**

No. 07–4384–ag.

United States Court of Appeals, Second Circuit.

Nov. 5, 2009.

Michael Brown, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Russell J.E. Verby, Senior Litigation Counsel; Terri León–Benner, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Petitioner Wen Bing Jiang, a native and citizen of the People's Republic of China,

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

seeks review of a September 28, 2007 order of the BIA denying her motion to reopen. *In re Wen Bing Jiang*, No. A077 009 311 (B.I.A. Sept. 28, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). When the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir.2008).

We find that the agency did not abuse its discretion in denying Jiang's untimely and number-barred motion to reopen because we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish either materially changed country conditions or an objectively reasonable fear of persecution. *See id.* at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. B.I.A.*, 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion"). The BIA reasonably questioned the reliability of Jiang's mother-in-law's affidavit because it was not new and previously unavailable evidence and because Jiang was found to be not credible in her underlying proceedings. *See* 8 C.F.R. § 1003.2(c)(1); *Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146–48 (2d Cir.2007) (holding that the BIA

did not abuse its discretion in denying a motion to reopen supported by allegedly unavailable evidence regarding changed country conditions where there had been a previous adverse credibility finding in the underlying asylum hearing).

Moreover, the BIA reasonably found based on this record that the Chinese government does not physically compel sterilization but rather seeks to secure compliance with its family planning goals by imposing economic sanctions as an alternative to sterilization, and that such sanctions do not rise to the level of persecution. *See Jian Hui Shao*, 546 F.3d at 164 (finding that the BIA reasonably concluded that the economic rewards and penalties used to implement the family planning policy in Fujian province did not necessarily amount to "physical or mental coercion"). While we have recognized that, in some circumstances, "severe economic penalties could be as effective as physical pressure in forcing an involuntary sterilization," the record evidence in this case did not compel the BIA to find a reasonable possibility of the imposition of penalties amounting to economic persecution upon the petitioner's return to China. *Id.* at 161–162. Accordingly, the BIA did not abuse its discretion in denying Jiang's motion to reopen.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).